**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BARBIE MORGAN, | Case No. 2:17-cv-00034-APG-VCF |
| Plaintiff, | |
| v. | **ORDER REGARDING PLAINTIFF'S EXPERT AND REPORT** |
| BEST BUY CO., INC, | (ECF No. 23) |
| Defendant. | |

Plaintiff Barbie Morgan brings a negligence claim against defendant Best Buy Co., Inc. Best Buy argues in its motion for summary judgment that Morgan's causation expert, Dr. Byers, should be excluded because Morgan failed to timely disclose her report. Best Buy also contends that Dr. Byers is not qualified to testify as to Morgan's injuries because her background is not in orthopedics.

I deny Best Buy's request to exclude Dr. Byers or her report because the late disclosure was not prejudicial to Best Buy, there is a public interest in resolving matters on the merits, and lesser sanctions exist. I extend the rebuttal expert witness deadline for Best Buy to disclose a rebuttal expert to Dr. Byers, if it chooses to, to 30 days after I rule on Dr. Byers's qualifications. Because Best Buy raised its qualifications argument for the first time in its reply brief, I grant Morgan 14 days from this order to file a supplemental opposition on that issue alone.

**A.      Excluding Dr. Byers is inappropriate.**

If a party discloses an expert witness past the court-ordered deadline, then excluding the expert from trial is an available sanction.[1] However, if the late disclosure or failure to disclose was harmless or substantially justified, then the expert may testify at trial.[2] Under *Wendt v. Host*

---

[1] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Rule 26(a) and Rule 37(c)(1)).

[2] *Id.*

*International Inc.*, I must consider five factors in deciding if a sanction is appropriate: (1) the public interest in resolving litigation quickly, (2) docket management, (3) prejudice to the defendant, (4) the public policy favoring a decision on the merits, and (5) the availability of lesser sanctions.[3] When the exclusion effectively dismisses the case, I must consider whether the noncompliance involved willfulness, bad faith, or fault.[4]

Morgan did not disclose her expert report by the deadline.[5] Instead, the report was sent to Best Buy six days later.[6] Best Buy seeks to exclude Dr. Byers from trial because of this six day delay. Morgan responds that the deadline was extended because she filed her motion for summary judgment. Alternatively, she contends that she can still call this witness as a rebuttal expert.

Excluding Dr. Byers is not warranted here. Although Morgan failed to timely disclose Dr. Byers's report, she disclosed Dr. Byers's name and curriculum vitae by the deadline and then sent the report six days later. This noncompliance was harmless, and Best Buy presents no evidence that the late disclosure was willful or made in bad faith. Although Morgan may be at fault for the late disclosure, lesser sanctions are appropriate.

Both parties agree that an expert is required in this case to show causation between a breach of duty and Morgan's injury.[7] Thus, excluding Dr. Byers would result in the case being dismissed. Under the *Wendt* factors, excluding Dr. Byers is not appropriate. The public interest in resolving matters quickly and management of the docket will be unaffected by allowing Dr. Byers to testify. The parties are not on the eve of trial. The public policy of deciding cases on the merits favors allowing Dr. Byers to testify, especially given the harmless violation and the amount of time before trial.

---

[3] *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

[4] *R & R Sails, Inc. v. Ins. Co. of the State of Pa.*, 673 F.3d 1240, 1247–48 (9th Cir. 2012).

[5] ECF No. 14.

[6] ECF No. 25-1.

[7] *Grover C. Dils Med. Ctr. v. Menditto*, 112 P.3d 1093, 1100 (Nev. 2005).

I therefore deny Best Buy's request to exclude Morgan's expert witness. To mitigate any prejudice towards Best Buy, I will extend the rebuttal expert deadline for 30 days after my ruling on whether to exclude Dr. Byers for Best Buy based on her qualifications. That way, Best Buy may disclose an expert rebutting Dr. Byers if it chooses to do so.

**B.     Dr. Byers's Qualifications**

Best Buy also seeks to exclude Dr. Byers because it believes that she is unqualified to evaluate the causation of Morgan's injuries. Dr. Byers's background is in oncology and immunology, not in orthopedics.[8] However, Best Buy raised this argument for the first time in its reply.[9] I do not usually consider arguments initially raised in a reply.[10] But given the specter of a future *Daubert* motion, I will consider Best Buy's qualifications argument. In order to properly consider this issue, I grant Morgan 14 days to file a supplemental opposition addressing this issue only.

**C.     Conclusion**

IT IS THEREFORE ORDERED that plaintiff's expert, Dr. Byers, and her report will not be excluded under Rule 37(c)(1). The rebuttal expert deadline will be extended for 30 days after I rule on Dr. Byers's qualifications.

IT IS FURTHER ORDERED that Morgan has 14 days from entry of this order to file a supplemental opposition addressing Best Buy's argument about Dr. Byers's qualifications as an expert on causation.

IT IS FURTHER ORDERED that the joint pretrial order is due 30 days after my ruling if I exclude Dr. Byers or 60 days if I rule that Dr. Byers can testify on causation.

DATED this 17th day of November, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[8] ECF No. 25-1.

[9] ECF No. 26, at 7–9.

[10] *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).