|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| | * * * | |
| BARBIE MORGAN, | | Case No. 2:17-cv-00034-APG-VCF |
| Plaintiff, | | |
| v. | | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| BEST BUY CO., INC, | | |
| Defendant. | | |
| | | (ECF Nos. 20, 23) |

A television set fell on plaintiff Barbie Morgan's ankle while she was at defendant Best Buy's store. Morgan was injured and sued Best Buy for negligence and negligent infliction of emotional distress. Both parties move for summary judgment. Morgan moves for judgment on Best Buy's liability, and Best Buy moves for judgment on both of Morgan's claims. There is a genuine issue of material fact as to liability, so I deny Morgan's motion. I grant in part Best Buy's motion as to future economic and medical damages and negligent infliction of emotional distress. I deny the motion as to whether Best Buy breached a duty and is liable for past economic losses. I reserve ruling on summary judgment as to causation based on my order regarding the qualifications of Morgan's expert on causation.

**I.  Background**

Morgan was at a Best Buy store in Las Vegas in October 2015.[1] While she was at the customer services counter, a Best Buy employee was helping move another customer's cart that had a TV on it.[2] The cart's front wheel became stuck on the base of the pole in the customer services line.[3] When the employee and customer moved the cart, the TV slid off and hit

---

[1] ECF No. 20, Ex. A.

[2] ECF No. 20, Ex. D.

[3] *Id.*

Morgan's ankle.[4] Her ankle began to swell.[5] Although Best Buy employees offered to call an ambulance, Morgan decided that was unnecessary.[6] The employees called an ambulance anyhow, but Morgan did not go to the hospital.[7] Instead, the Best Buy employees helped her outside to her car and she left the store.[8]

Morgan was later diagnosed with a broken foot, severely injured ankle, medial and lateral meniscus tear in her left knee, three broken vertebra in her back, significant leg atrophy and nerve damage, and other injuries.[9] Morgan sues Best Buy for negligence and negligent infliction of emotional distress.[10] Morgan moves for summary judgment on her negligence claim as to Best Buy's liability. Best Buy moves for summary judgment on both of Morgan's claims.

## II. Discussion

### A. Legal Standard

Summary judgment is appropriate when there is no genuine dispute of material fact.[11] The substantive law surrounding the claims will determine what facts are material.[12] Material facts affect the outcome of the case.[13] I must view the facts and evidence in a light favorable to the non-moving party.[14] The moving party has the initial burden to show there is an absence of disputed material fact.[15] Then the non-moving party has the burden to show that there is a

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] ECF No. 1, Ex. B.

[10] *Id.*

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[12] *Id.*

[13] *Id.*

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

[15] *Id.*

genuine issue of fact.[16] If a reasonable jury could find for the non-moving party, then summary judgment is not appropriate.[17]

      **B.**      **Motions for Summary Judgment**

           **1.**      **Morgan's Motion**

Morgan moves for summary judgment on her negligence claim as to Best Buy's liability. The first two elements of negligence are: (1) the defendant owed a duty to the plaintiff and (2) the defendant breached that duty.[18] A business generally owes a duty to keep the premises safe for its customers.[19] A failure to use reasonable care is a breach of this duty.[20] If a dangerous condition is created by someone other than an employee, then the business is liable if it has notice of the condition and fails to remedy it.[21]

Best Buy owed its customer Morgan a duty to keep the premises safe. As to the breach of this duty, there is a genuine dispute of material fact. The store video shows the customer's hands on the cart when the TV fell off.[22] Viewing the evidence in a light most favorable to Best Buy, a reasonable jury could find that the customer, not Best Buy's employee, caused the TV to slide off and hit Morgan. I therefore deny Morgan's motion for summary judgment.

           **2.**      **Best Buy's Motion**

Best Buy moves for summary judgment on both of Morgan's claims. It argues that there is no genuine dispute of material fact as to breach of duty, causation, past and future damages, and extreme or outrageous conduct.

/ / / /

/ / / /

---

[16] *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).

[17] *Anderson*, 477 U.S. at 248.

[18] *Perez v. Las Vegas Med. Ctr.*, 805 P.2d 589, 590–91 (Nev. 1991).

[19] *Sprague v. Lucky Stores*, 849 P.2d 320, 322 (Nev. 1993).

[20] *Sadler v. PacifiCare of Nev., Inc.*, 340 P.3d 1264, 1268 (Nev. 2014).

[21] *Sprague*, 849 P.2d at 322–23.

[22] ECF No. 23, Ex. 4.

### a. Negligence

Negligence requires four elements: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the breach caused the plaintiff's injury, and (4) the plaintiff suffered damage.[23] To show that the plaintiff has suffered damages, there must be evidence that damages actually exist and what the amount is.[24] As long as the plaintiff shows she has been damaged, the amount can be somewhat uncertain.[25] For future medical or economic losses, there be must be competent and sufficient evidence.[26] Overall, courts do not favor summary judgment on negligence claims.[27]

Viewing the evidence discussed above in a light favorable to Morgan, there is a genuine issue of material fact as to breach of duty. Best Buy's employee said that he saw the TV on the cart, saw that the cart was stuck on the base of the pole, and that he moved the cart at which point the TV fell off.[28] Thus, Best Buy's employee had notice of the TV's position on the cart and allegedly failed to remedy it by moving the TV to another cart, repositioning it, or securing it to the cart before moving it. A reasonable jury could find that Best Buy's employee was negligent in moving the cart when the TV was not secured.

I reserve ruling on the causation element based on my order regarding Best Buy's argument about Morgan's expert's qualifications. I will address this issue after Morgan files her supplemental opposition.

Best Buy moves for summary judgment on Morgan's past and future economic losses and future medical damages. Best Buy's damages expert evaluated Morgan's wages, medical records,

---

[23] *Perez*, 805 P.2d at 590–91.

[24] *Mort Wallin v. Commercial Cabinet Co.*, 784 P.2d 954, 955 (Nev. 1989).

[25] *Id.*

[26] *Yamaha Motor Co., U.S.A. v. Arnoult*, 955 P.2d 661, 671 (Nev. 1998).

[27] *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997).

[28] ECF No. 20, Ex. D.

and ability to work.[29] He concludes that Morgan has no past or future economic loss.[30] Best Buy also contends that Morgan does not have an expert on any of her damages claims so she cannot establish their existence. Morgan responds that she has medical bills, lost wages, and future economic and medical damages because of her injuries.

There is a genuine issue of material fact as to past economic losses.[31] Morgan's wage statements have shown a slight decrease in her earned commission since the accident.[32] Thus, viewing the evidence in a light most favorable to Morgan, a reasonable jury could infer that she has past economic losses based on her wage statements.

But Morgan provides no expert to prove future damages, and states only that she will have witnesses at trial that will support her future damages claim. This is not enough to oppose a summary judgment motion. A reasonable jury could not infer that Morgan has future medical damages or economic losses because Morgan does not have an expert or any other competent evidence to support her alleged future damages. I therefore grant Best Buy's motion for summary judgment in part as to Morgan's future economic losses and medical expenses.

In sum, there is a genuine dispute as to Best Buy's breach of duty of reasonable care and past economic losses for Morgan's negligence claim. I will address causation in a separate order once Morgan files her supplemental brief regarding Dr. Byers.

---

[29] ECF No. 23, Ex. 5.

[30] *Id.*

[31] Best Buy did not move for summary judgment on pain and suffering or past medical expenses, so I do not address those damages.

[32] *Id.*

### b. Negligent Infliction of Emotional Distress

Negligent infliction of emotional distress occurs when the defendant's extreme or outrageous conduct causes the plaintiff extreme or severe emotional distress which results in a physical injury.[33] The court determines whether an act constitutes extreme or outrageous conduct, and that determination will go to the fact finder only when reasonable minds could differ.[34] Extreme conduct can be characterized as "outside all possible bounds of decency."[35]

Best Buy argues that its conduct was not extreme and outrageous because its employee abided by all store policies, that the TV falling was only an "accident," and that the employees took care of Morgan after the incident. Morgan contends that Best Buy's employee acted contrary to store policy in moving the cart and so he knew that his actions could cause harm to customers around him. Morgan also argues that because the employee disregarded the consequences of his actions, she suffered emotional distress, including depression.[36]

As a matter of law, Best Buy's action was not extreme or outrageous conduct. I therefore grant Best Buy's motion for summary judgment on Morgan's negligent infliction of emotional distress claim.

## III. Conclusion

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment **(ECF No. 20) is DENIED.**

IT IS FURTHER ORDERED that the defendant's motion for summary judgment **(ECF No. 23) is GRANTED in part and DENIED in part.** I grant judgment in favor of Best Buy as to Morgan's future economic losses, future medical expenses, and negligent infliction of emotional distress claim. I deny the motion as to the plaintiff's breach of duty and past economic

---

[33] *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995); *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993).

[34] *Refai v. Lazaro*, 614 F. Supp. 2d 1103, 1121 (D. Nev. 2009).

[35] *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quotation omitted).

[36] ECF No. 1.

losses on Morgan's negligence claim.  Causation will be addressed by a separate order after the plaintiff files a supplemental brief.

DATED this 17th day of November, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE