# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

BARBIE MORGAN,

          Plaintiff,

v.

BEST BUY CO., INC.,

          Defendant.

Case No. 2:17-cv-00034-APG-VCF

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

(ECF Nos. 23, 32)

      Defendant Best Buy Co., Inc. moves for summary judgment, arguing that plaintiff Barbie Morgan cannot show the causation element of her negligence claim because she has no expert to testify as to causation. "A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008) (en banc). "Causation may be sufficiently established through circumstantial evidence." *Huffey v. Phelps*, No. 50343, 281 P.3d 1183, 2009 WL 1491510, at \*2 (Nev. 2009).

      While an expert is often required to prove causation of bodily injuries, that is not always the case. An expert is required when "the cause of injuries is not immediately apparent," or when the defendant has challenged causation with medical expert testimony. *Lord v. State*, 806 P.2d 548, 551 (Nev. 1991); *see also Huffey*, 2009 WL 1491510, at \*2 ("Had Phelps challenged the causation of Huffey's injuries with medical expert testimony or had the causation of Huffey's injuries been beyond the knowledge of the average person, expert opinion testimony may have been warranted."); *Layton v. Yankee Caithness Joint Venture, L.P.*, 774 F. Supp. 576, 580 (D. Nev. 1991) (stating that "where a question of fact is beyond the comprehension of the ordinary lay person, expert testimony is required to prove that fact"). But "expert causation testimony is not required where 'the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.'" *Alfaro v. D. Las Vegas, Inc.*, No. 2:15-cv-02190-

MMD-PAL, 2016 WL 4473421, at *15 (D. Nev. Aug. 24, 2016) (quoting *Brooks v. Union Pac. R. Co.*, 620 F.3d 896, 899 (8th Cir. 2010)).

Here, there is evidence from which a reasonable jury could find injuries without the need for expert testimony. There is no dispute that a television fell onto Morgan's ankle. Best Buy employee Bryan Hirschfield stated that he observed Morgan's ankle start swelling approximately fifteen minutes after the accident and Best Buy employees then called for an ambulance. ECF No. 20-1 at 26. Morgan testified that she felt pain in her ankle, knee, and back, and that her ankle swelled and bruised. ECF No. 32 at 131, 152-54. It is not outside a layman's experience that a television falling on someone's ankle would cause bruising, swelling, and pain. Additionally, at the hearing on this motion, Best Buy conceded that its own expert, Dr. Wang, attributed some of Morgan's injuries to the Best Buy incident. Consequently, I deny Best Buy's motion because there is some evidence from which a jury could find the television falling on Morgan caused injuries.

That being said, the parties dispute which of Morgan's injuries and later medical treatments are causally connected to the Best Buy incident. The parties have not given me sufficient evidence or argument to rule on causation as to any particular type of injury or related medical treatment. The parties have not provided any of the medical records or Dr. Wang's report.

They have provided the report of Morgan's expert, Dr. Byers, but she offers no admissible causation opinion. *See* ECF Nos. 25-1; 31 at 66-70. Although Dr. Byers opines that the Best Buy incident "exacerbated the gravity of [Morgan's] prior injuries," she does not identify which prior injuries were exacerbated, by how much, or how long that prolonged Morgan's recovery. ECF No. 25-1 at 3. Nor does Dr. Byers link any particular medical treatment to the Best Buy incident as opposed to Morgan's pre-existing conditions. Dr. Byers' opinion is too vague to be helpful to the trier of fact. I therefore exclude Dr. Byers from testifying at trial. *See* Fed. R. Evid. 702(a).

At the hearing, Morgan suggested her treating physicians would testify about causation. The parties disputed whether Morgan had adequately identified the treating physicians and

whether they in fact opined about causation in their treatment records. The parties have not provided sufficient information for me to rule on those questions. I therefore will resolve those issues through motions in limine and objections at trial. But to give the parties guidance for both the upcoming settlement conference and any motion practice, the following legal principles govern that inquiry.

Generally, treating physicians are not subject to Federal Rule of Civil Procedure 26(a)(2)(B)'s written report requirement because they are "percipient witness[es] of the treatment . . . rendered" rather than retained or specially employed experts. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011). But a treating physician is exempt from the written report requirement only "to the extent that his opinions were formed during the course of treatment." *Id.* at 826; *see also Ghiorzi v. Whitewater Pools & Spas, Inc.*, No. 2:10-cv-01778-JCM-PAL, 2011 WL 5190804, at *3 (D. Nev. Oct. 28, 2011) (stating a written report is not required where the "treating physician's opinions are formed during the course of treatment").

Conversely, an expert report is "required when a treating provider is used to render opinions that are not reached during the course of treatment." *Alfaro*, 2016 WL 4473421, at *9. Evidence that the treating physician formed his or her opinion based on a review of information provided by the plaintiff's attorney that the physician did not review during the course of treatment will subject the physician to Rule 26(a)(2)(B)'s written report requirement for those opinions. *Goodman*, 644 F.3d at 826; *see also Alfaro*, 2016 WL 4473421, at *13 ("To the extent any of the providers are relied upon to testify about information not acquired or relied upon in treating Plaintiffs, a Rule 26(a)(2)(B) report was required for those opinions.").

Although treating physicians may be exempt from Rule 26(a)(2)(B)'s written report requirement, they are subject to Rule 26(a)(2)(C)'s requirement to disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Merely identifying "the subject matter on which the witness is expected to testify is insufficient to comply with the summary of facts and opinions requirement of Rule 26(a)(2)(C)." *Flonnes v.*

*Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-cv-01065-APG-CWH, 2013 WL 2285224, at *5 (D. Nev. May 22, 2013).

"Rule 26(a)(2)(B) and Rule 26(a)(2)(C) share the same common purpose: to prevent unfair surprise and to conserve resources." *Alfaro*, 2016 WL 4473421, at *14. A defendant in a negligence case is "entitled to an expert disclosure from a non-retained expert, including treating providers, that specifies what opinions will be offered, and the factual bases for those opinions." *Id.* Although Rule 26(a)(2)(C) requires "considerably less" than Rule 26(a)(2)(B), "the disclosure must contain sufficient information to allow opposing counsel to make an informed decision on which, if any, of the treating providers should be deposed, determine whether to retain experts, and conduct a meaningful deposition or cross examination of the witness at trial." *Id.*

When a party does not comply with its Rule 26(a) obligations, that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party facing exclusion of evidence bears the burden of showing that the failure to disclose was substantially justified or is harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). To determine whether a violation is substantially justified or harmless, I consider factors such as: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Calvert v. Ellis*, No. 2:13-cv-00464-APG-NJK, 2014 WL 3897949, at *4 (D. Nev. Aug. 8, 2014). Further, failure to comply with Rule 26(a) does not automatically require me to exclude the evidence as a sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Rather, I have broad discretion to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

Because I do not have adequate information before me, I make no ruling on whether Morgan adequately disclosed her treating physicians and complied with her obligations under Rule 26(a)(2)(C), or, if she did not, whether the treating physicians must be excluded or limited. I

rule only that there is evidence from which a reasonable jury could find at least some injuries were caused by the television falling on Morgan's ankle, so I must deny Best Buy's motion. I also exclude Dr. Byers from testifying.

IT IS THEREFORE ORDERED that defendant Best Buy Co., Inc.'s motions for summary judgment **(ECF Nos. 23, 32) are DENIED**.

IT IS FURTHER ORDERED that plaintiff Barbie Morgan's expert, Dr. Byers, is excluded from testifying at trial.

DATED this 15th day of February, 2018.

                                              ANDREW P. GORDON
                                              UNITED STATES DISTRICT JUDGE